IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANGHAI FORETEX FASHION CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> WES AND WILLY, LLC,  RYCAM, INC., <br><br> Defendants. | 8:14CV106 <br><br> **MEMORANDUM AND ORDER** |

The plaintiff has filed a motion to file a Second Amended complaint, (Filing No. 24), and a motion to compel, (Filing No. 38).  For the reasons discussed below, the motion to amend will be granted, and the motion to compel will be denied.

    1.    <u>Motion to Amend</u>.

Plaintiff, Shanghai Foretex Fashion Co., Ltd., ("Shanghai") has moved for leave to file a Second Amended Complaint to add William J. Mullen as a party to this case. (Filing No. 24).  The defendants oppose the motion, claiming the proposed Second Amended Complaint does not allege Plaintiff's fraud claims with sufficient particularity. The defendants argue that "[a]ll of the claims (Second, Third, Fourth and Fifth Causes of Action) asserted against Mullen in the proposed Second Amended Complaint are predicated on . . . alleged False Statements," and as to these claims, the proposed Second Amended Complaint fails to meet the heightened pleading requirements of Rule 9(b). (Filing No. 31).

As to the defendants' alleged false statements, the Second Amended Complaint mirrors the original and First Amended Complaint; that is, the Second Amended Complaint is no less specific than the prior two complaints.  Defense counsel did not raise a Rule 9(b) objection to either of the prior complaints.

The proposed Second Amended Complaint raises allegations against not only the entity defendants, but also their alleged contact person, William J. Mullen. Based on the proposed Second Amended Complaint, Mullen was Shanghai's primary point of contact during business dealings with Wes and Willy, LLC and Rycam, Inc.; Mullen repeatedly guaranteed that Wes and Willy, LLC and Rycam, Inc. would provide payment in full for all products received from Shanghai; Mullen knew these representations were false; Mullen made the statements to convince Shanghai to continue shipping products to the defendants; and relying on Mullen's false statements, Shanghai continued shipping products to Wes and Willy, LLC and Rycam, Inc. The complaint outlines, by date and amount, the invoice demands that remain unpaid. And it seeks recovery on theories of fraud, unjust enrichment, equitable estoppel, and promissory estoppel. Read as a whole, the complaint alleges "the who, what, when, where, and how," (*Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011)), sufficient to withstand a Rule 9(b) motion—particularly where the defendants previously considered the same allegations sufficient for creating the parties' Rule 26(f) Report and for initiating the discovery process.

The plaintiff's motion to amend will be granted.

2.  <u>Motion to Compel</u>.

The plaintiff has moved to compel defendants' responses to written discovery. Nebraska Civil Rule 7.1(i) states:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on

> the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule *upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party*.

NECivR 7.1(i)(emphasis added). The plaintiff's motion states counsel for the plaintiff sent an email and a letter to defense counsel. There is nothing to indicate the attorneys attempted to actually discuss the discovery issues raised—either personally or by telephone. The plaintiff's motion will not be considered or reviewed by the court unless the parties discussed their discovery disputes and reached an impasse, or Plaintiff's counsel tried to discuss the discovery issues with defense counsel, but defense counsel refused to talk about it or to return telephone calls.

Plaintiff's motion to compel will be denied.

IT IS ORDERED:

1) Plaintiff's motion to file a Second Amended Complaint, (Filing No. 24), is granted. The plaintiff's Second Amended Complaint shall be filed on or before August 1, 2014, and promptly served on defendant William J. Mullen.

2) Plaintiff's motion to compel, (Filing No. 38), is denied.

3) As to all parties, before moving for an order relating to discovery, the movant must first request a conference with the court.

July 29, 2014.

                                         BY THE COURT:

                                         *s/ Cheryl R. Zwart*
                                         United States Magistrate Judge